**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     **BRIDGET ALLEN** | ) | Case No. 10-20094-BFK |
| | ) | Chapter 13 |
|               **Debtor** | ) | |
| | ) | |
| **BRIDGET ALLEN** | ) | |
| | ) | |
|               **Plaintiff** | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 12-01062 |
| | ) | |
| **CHASE HOME MORTGAGE** | ) | |
| **GROUP,** *et al.* | ) | |
| | ) | **NOT FOR PUBLICATION IN** |
|               **Defendants** | ) | **WEST'S BANKRUPTCY REPORTER** |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion of JPMorgan Chase Bank, N.A., as successor to Chase Home Finance, LLC (hereinafter, "Chase," or the "Defendant") for summary judgment pursuant to Bankruptcy Rule 7056. Docket Nos. 58, 59, and 60. The Plaintiff did not file an Opposition to the Motion, but did file a Motion for Judicial Notice of certain documents, which the Court will treat as an Opposition to Motion. Docket No. 87. The Plaintiff was provided with a *Roseboro* notice. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975); Local Rule 9013-1(M)(3). Docket No. 61, p. 2. However, the Plaintiff did not appear at the hearing on the Motion. The Court heard argument on the Motion on July 31, 2012. For the reasons stated below, the Motion will be granted.

## Introduction

This is not the Plaintiff's first adversary proceeding against Chase. On May 25, 2011, the Plaintiff filed an adversary proceeding against Chase in this Court. *Allen v. Chase Home Mortgage Group, et al.*, Adversary Proceeding No. 11-01284-BFK (hereinafter, the "First Adversary Proceeding"). The Complaint alleged certain improprieties in connection with Chase's loan to the Plaintiff, which loan was secured by a Deed of Trust on her property located at 2500 N. Van Dorn St., #621 Alexandria, VA 22302. *Id.* at Docket No. 1. On December 8, 2011, the Court granted Chase's Motion to Compel discovery responses from the Plaintiff, to be produced within 14 days after entry of the Order. *Id.* at Docket No. 22. On February 9, 2012, the Court entered a second Order compelling discovery responses from the Plaintiff, this time, requiring the Plaintiff to do so by no later than February 21, 2012. *Id*. at Docket No. 33. On February 21, 2012, the Plaintiff filed Objections to every one of the Defendant's discovery requests. *Id.* at Docket No. 38.

On March 20, 2012, the Court held a hearing on Chase's Motion to Dismiss the First Adversary Proceeding because of the Plaintiff's failure to comply with the Court's two previous Orders compelling discovery responses. Adversary Proceeding No. 11-01284-BFK, Docket No. 39. The Plaintiff did not appear at the hearing, and the Court granted the Defendant's Motion. *Id.* at Docket No. 44. On April 6, 2012, the Plaintiff filed a Motion to Reconsider the dismissal of the First Adversary Proceeding. *Id.* at Docket No. 46. The Court denied the Plaintiff's Motion to Reconsider on May 1, 2012. *Id.* at Docket No. 51. The Plaintiff did not appeal the dismissal of the First Adversary Proceeding, nor did she appeal the denial of her Motion to Reconsider.

The Plaintiff filed the present adversary proceeding, Adversary Proceeding No. 12-01062-BFK, on February 7, 2012 (while the First Adversary Proceeding was still pending). The Plaintiff asserted claims against both the United States Department of Veterans Affairs and against Chase Home Mortgage Group. With regard to Chase, the Complaint alleged certain improprieties arising out of the same loan made to the Plaintiff, secured by the same Deed of Trust on the property at 2500 N. Van Dorn St., #621 Alexandria, VA 22302. Adversary Proceeding No. 12-01062-BFK, Docket No. 1. The Complaint was amended once. *Id.* at Docket No. 13. On May 18, 2012, the Court dismissed all of the Plaintiff's claims except for the claim that Chase was not the holder of the Plaintiff's Note.[1] *Id.* at Docket No. 30. The Court stated on the record in open court that the Plaintiff's claims in this adversary proceeding arose out of the same nucleus of operative fact involved in the First Adversary Proceeding, and that the Order dismissing the First Adversary Proceeding was *res judicata* of all of the Plaintiff's claims against Chase, except for the claim that Chase was not the noteholder. The Court viewed this last claim against Chase as, potentially, a continuing harm to the Plaintiff because if Chase was not in fact the noteholder, the Plaintiff could not be required to pay any arrearages or ongoing monthly mortgage payments to Chase as a part of her Chapter 13 Plan.[2] *Id.*

---

[1] The Court's Order of May 18, 2012, granting, in part, Chase's Motion to Dismiss, inadvertently dismissed the claims asserted against the United States Department of Veterans Affairs. The order stated that "Counts II, III, IV, V, and VI are hereby dismissed with prejudice. The only remaining claim shall be Count I: Plaintiff's claim that Chase Home Mortgage Group 'has no interest in the action,' and lacks standing to have filed a Proof of Claim in the case." Counts V and VI, inasmuch as they relate to the Plaintiff's claims against the United States Department of Veterans Affairs, should not have been dismissed. Accordingly, the Order that will be entered contemporaneously with this Memorandum Opinion shall revive counts V and VI, (which are denominated as Fourth Cause of Action for Fraud and Fourth Cause of Action for Quiet Title, both against the Department of Veterans Affairs), solely with regard to the Plaintiff's claims against the United States Department of Veterans Affairs.

[2] In her bankruptcy case, Case No. 10-20094-BFK, filed on December 1, 2010, the Plaintiff has proposed seven Chapter 13 Plans (Docket Nos. 16, 41, 50, 76, 94, 106 and 117), six of which have been denied confirmation. The seventh Plan remains pending, and has not yet been confirmed.

On May 24, 2012, the Plaintiff filed a Motion to Reconsider the Order dismissing her claims (except Count I) against Chase. Adversary Proceeding No. 12-01062-BFK, Docket No. 33. On June 28, 2012, the Court denied her Motion to Reconsider. *Id.* at Docket No. 51. On July 9, 2012, the Plaintiff filed a Notice of Appeal of the Order denying her Motion to Reconsider. *Id.* at Docket No. 55.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District of August 15, 1984. This is a core proceeding, within the meaning of 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate) and (K) (determination of the validity, extent or priority of liens).

I.  **The Effect of the Plaintiff's Appeal on the Pending Summary Judgment Motion.**

As a general rule, "the filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Levin v. Alms and Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, an appeal does not divest the lower courts of all jurisdiction. Instead, "'[t]he filing of a notice of appeal ... *confers jurisdiction on the court of appeals* and divests the district court of its control *over those aspects of the case involved in the appeal*.'" *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:10cv864, 2011 WL 2118227, at *5 (E.D. Va. May 24, 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 45, 58 (1982) (emphasis in *Halliburton*)). Further, the filing of a notice of appeal to a non-appealable order does not deprive the district court of jurisdiction. *United States v. Jones,* 367

Fed.Appx. 482, 484 (4th Cir. 2010); *LMRT Assocs., LC v. MB Airmont Farms, LLC*, 447 B.R. 470, 474 n.7 (E.D. Va. 2011).

In the bankruptcy context, the court in *Melrose Club, Inc. v. Onorato (In re Daufuskie Island Properties, LLC)*, put it as follows:

> The Court recognizes that the filing of a timely and sufficient notice of appeal of a final order generally divests the lower court of jurisdiction and control over the matters on appeal. *Grand Jury Proceedings Under Seal v. United States,* 947 F.2d 1188, 1190 (4th Cir.1991), see also *In re Taylor,* 198 B.R. 142, 154 (Bankr. D.S.C. 1996). An appeal, however, does not divest the lower court of jurisdiction in three discrete circumstances: (1) over issues not involved in the appeal; (2) when the order appealed from is not appealable; or (3) when the court's action will aid in the appeal. *Bryant v. Bryant*, 175 B.R. 9, 11–12 (W.D. Va. 1994); see also *In re Taylor* 198 B.R. at 154.

441 B.R. 49, 55 (Bankr. D. S.C. 2010).

In this case, two of the foregoing factors are present. First, Count I has not yet been decided, and is not at issue in the pending appeal. Second, the Order appealed from, the Order of June 27, 2012, Docket No. 51, denying the Plaintiff's Motion to Reconsider the Order dismissing all Counts against Chase except Count I, is itself interlocutory, and is not properly appealable.[3] Accordingly, the Court retains jurisdiction to decide the Defendant's Motion for Summary Judgment as to Count I, notwithstanding the Plaintiff's appeal on the Order denying reconsideration of the other Counts.

## II.     The Summary Judgment Motion.

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that

---

[3] This Court denied the Defendant's Motion to Dismiss the appeal on the ground that the District Court, not this Court, is the proper Court to decide whether or not to allow an interlocutory appeal, pursuant to Bankruptcy Rule 8003(c). *See* Adversary Proceeding No. 12-01062-BFK, Docket No. 91.

it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Under the Uniform Commercial Code, as adopted in Virginia, a party in possession of an instrument endorsed in blank is the noteholder. Va. Code § 8.3A-201(b) ("If an instrument is payable to bearer, it may be negotiated by transfer of possession alone"); Va. Code § 8.3A-205(b) ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed"). The holder of an instrument is entitled to enforce the instrument according to its terms. Va. Code § 8.3A-301.

Furthermore, in Virginia, the Deed of Trust follows the Note. *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 (4th Cir. 2011) ("For over a century, it has been settled that under Virginia law, interests in deeds of trust accompany the promissory notes that they secure. In other words, 'deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it'" (quoting *Williams v. Gifford*, 139 Va. 779, 784, 124 S.E. 403, 404 (Va. Special Ct. App. 1924))). The case law from the Eastern District of Virginia is clear that a party in possession of a Note endorsed in blank is entitled to enforce the Deed of Trust. *Hien Pham v. Bank of New York*, --- F.Supp.2d ---, No. 1:12cv2, 2012 WL 1222572 (E.D. Va. April 10, 2012); *Bolouri v. Bank of*

*America, N.A.*, No. 1:10-cv-225, 2010 WL 3385177 (E.D. Va. Aug. 24, 2010); *Tapia v. United States Bank, N.A.*, 718 F.Supp.2d 689 (E.D. Va. 2010); *Merino v. EMC Mortgage Corp.,* No. 1:09-cv-1121, 2010 WL 1039842 (E.D. Va. Mar. 19, 2010).

Chase has met its burden of proof in moving for summary judgment. The Affidavit submitted in support of its Motion states that "Chase has possession of the original Note." Adversary Proceeding No. 12-01062-BFK, Docket No. 60, ¶ 8. It further states: "The Note has not been securitized or placed in any trust." *Id*. at ¶ 5. It states that a true and accurate copy of the Note is attached as an Exhibit. *Id*. at ¶ 6. The copy of the Note attached to the Affidavit indicates that the Note was endorsed in blank. *Id*. at Exh. 3.

The Plaintiff, on the other hand, has not met her burden of coming forward with specific evidence, in the form of an affidavit or otherwise, that would tend to establish that Chase is not the noteholder. The Plaintiff has not filed a response to the Summary Judgment Motion, and she did not appear at the hearing on the Motion.[4] She has, however, filed a (second) Motion for Judicial Notice of certain documents. Docket No. 87. Not one of these documents identifies the Plaintiff's loan as being held in a securitized trust. None of the Plaintiff's documents refer, specifically, to the Plaintiff's loan. The Plaintiff's case rests entirely on speculation and unsupported inferences. The Plaintiff has had the benefit of full discovery in two separate adversary proceedings (the First Adversary Proceeding and this one), yet she has set forth no specific facts to rebut Chase's claim that it is the noteholder.

The Court will grant summary judgment to Chase on the one remaining claim against Chase in this case, the Plaintiff's claim that Chase is not the noteholder.

---

[4] As noted above, this is the second time that the Plaintiff has failed to appear on a dispositive motion in her cases. She did not appear on the Motion to Dismiss in the first adversary proceeding.

**Conclusion**

For the foregoing reasons, the Court will enter a separate Order:

A.      Granting the Defendant's Motion for Summary Judgment on Count I;

B.      Expressly determining, pursuant to Bankruptcy Rule 7054 (incorporating Fed.R.Civ.P. 54(b)), that there is no just reason to delay the entry of a final Order against JPMorgan Chase Bank, N.A., and directing the entry of a Final Judgment as to Chase;[5] and

C.      Denying the Plaintiff's Motion to Stay (Document No. 71), Motion for Judicial Notice (Docket No. 87), and Motion to Join Indispensable Parties (Docket No. 89), as moot.

D.      Directing that the Order of May 18, 2012, which granted, in part, Chase's Motion to Dismiss, shall be amended to revive counts V and VI, (which are denominated as Fourth Cause of Action for Fraud and Fourth Cause of Action for Quiet Title, both against the Department of Veterans Affairs), solely with regard to the Plaintiff's claims against the United States Department of Veterans Affairs. No outstanding claims against Chase shall remain in the case.

E.      Pursuant to the Federal Rules of Bankruptcy Procedure Rule 8002(a), the Plaintiff shall have the right to file an appeal by filing a Notice of Appeal with this Court within 14 days of the date that the Order is entered.

Date:                                           _____
                                                Brian F. Kenney
                                                United States Bankruptcy Judge

---

[5] The Plaintiff also sued the Secretary of the United States Department of Veterans Affairs in this adversary proceeding. She requested an Alias Summons against the Secretary on July 16, 2012 (Docket No. 69), which was granted by Court Order on July 20, 2012 (Docket No. 73). The Alias Summons was issued by the Clerk on July 25, 2012. Docket No. 83. There is no need to await the outcome of the proceedings against the Department of Veterans Affairs in order to enter a final Order of Judgment with respect to the claims against Chase.

Copies to:

Bridget Allen
2500 N. Van Dorn St., #621
Alexandria, VA 22302
Plaintiff pro se

Jeffrey L. Tarkenton, Esquire
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Counsel for Defendant Chase Home Mortgage Group

Secretary Eric K. Shinseki
U.S. Dept. of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420
Defendant